UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK COMI, | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-3091-JBM |
| R. ZEIGER, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, pursues an action 42 U.S.C. § 1983, alleging retaliation, violations of due process and the intentional infliction of emotional distress ("IIED") at the Western Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On April 13, 2018, Plaintiff was in the inmate visiting room, having a visit with his wife. Plaintiff's wife asked to use the restroom and the request was denied by Defendants Zeiger, an unnamed Sergeant, and Defendant Givens. Plaintiff's wife was later asked to "step outside" where she was allegedly intimidated and threatened by Defendants Givens, Dannehold, and a John Doe correctional officer. Plaintiff thereafter told his wife that he would file a grievance and

write to the Warden complaining about the matter. Plaintiff claims that Defendants Zeiger heard the comment and immediately got on the phone with an unidentified individual, informing that individual that Plaintiff intended to file a grievance.

Later that evening, Defendant Zeiger charged Plaintiff with threats and intimidation, issuing him a disciplinary ticket. Some time thereafter, Defendants Givens, Kempf, Hubbard and a John Doe Officer handcuffed Plaintiff, and Defendant Kempf remarked that he would not be writing a letter or grievance that night as he was being taken to segregation. After the events, Plaintiff filed an emergency grievance asserting that the disciplinary charge was false and that Defendants Zeiger had lied. The grievance was dated April 13, 2018, but not received until April 20, 2018. [ECF 1-1 p. 15].

Plaintiff's wife came to the prison the following day and was denied a visit with Plaintiff due to his being in segregation. She returned the following day, April 15, 2018, and was allowed a no-contact visit with Plaintiff who was in a segregation cage. On April 16, 2018, Plaintiff was released from disciplinary segregation and allowed to visit with his wife.

Plaintiff claims that he was held three days in a segregation cell without running water and a toilet that ping-ponged feces and urine. He also claims that inmates next door to him were fighting and, when the guards used pepper spray to subdue them, it migrated to Plaintiff's cell causing him breathing difficulty. Plaintiff alleges that he requested but did not receive medical treatment. He does not indicate, however, to whom he made the request.

Plaintiff alleges that Defendants Cawthon and Ferguson were responsible for reviewing and investigating disciplinary charges and that they failed to adequately do so, violating his due process rights. Plaintiff alleges that Defendants Zeiger, Givens, Kempf, Dannehold, Hubbard, John Doe, Cawthon and Ferguson retaliated against him and subjected him to the intentional

infliction of emotional distress. Plaintiff requests compensatory and punitive damages as well as injunctive relief.

## ANALYSIS

As a preliminary matter, Plaintiff may not assert any action on behalf of his wife for the intimidation she allegedly experienced from Defendants Givens, Dannehold, and the John Doe Officer. This is so as, while Plaintiff may represent himself, as a non-lawyer, he may not represent others. *See* 28 U.S.C. §1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(per curiam).

The Court now examines Plaintiff's own claims, beginning with the claim that Defendant Zeiger retaliated by filing false disciplinary charges against him. Prisoners have a protected First Amendment right to file grievances and to speak about the conditions of their confinement and may not be retaliated against for the exercise of this protected activity. *Dobbey v. IDOC,* 574 F.3d 443, 446 (7th Cir. 2009). However, while these protections apply to the filing of complaints and grievances, they do not apply to the mere threat of filing a complaint or grievance. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[it is] implausible that a threat to file a grievance would itself constitute a First Amendment-protected grievance.") *See also*, *Davenport v. Szczepanski*, No. 16-494, 2016 WL 3254525, at *3 (S.D. Ill. June 14, 2016), *aff'd,* 704 Fed. Appx. 602 (7th Cir. 2017) (dismissing retaliation claim at merit review as the threat to file a grievance is not protected activity). Here, Plaintiff clearly pleads that he was charged with a disciplinary infraction and placed in segregation prior to filing the emergency grievance. As a result, his retaliation claim against Defendant Zeiger is DISMISSED for failure to state a claim.

Plaintiff also asserts that Defendants Givens, Kempf, Hubbard and John Doe retaliated by handcuffing him and taking him to segregation. Here, again, Plaintiff was taken to segregation

prior to filing a related grievance so he cannot state a colorable retaliation claims against these individuals. This claim is dismissed as to Defendants Givens, Kemp, Hubbard and John Doe. *Bridges*, 557 F.3d 541.

Plaintiff alleges that Defendants Cawthon and Ferguson's allegedly insufficient investigation evidenced retaliation and violation of due process. Plaintiff makes no mention of a disciplinary hearing and does not claim that he was not provided "prior written notice of the violation, a written statement of fact-finding, the right to present witnesses and evidence, and a decision by an impartial body." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) citing *Hanrahan v. Lane*, 747 F.2d 1137, 1139–41 (7th Cir.1984). Plaintiff may not allege lack of due process based merely on an inadequate investigation. *Ford v. Page*, 169 F. Supp. 2d 831, 840–41 (N.D. Ill. 2001) *citing Hanrahan v. Lane,* 747 F.2d 1137, 1142 (7th Cir.1984);*McDonald v. State of Illinois,* 557 F.2d 596 (7th Cir.), *cert. denied,* 434 U.S. 966 (1977) (allegations of an inadequate investigation do not state a constitutional violation).

Furthermore, if Plaintiff were found guilty and received punishment which would implicate a liberty interest, his claim would be potentially barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court need not consider the *Heck* issue at this time but, if Plaintiff repleads, he is to indicate the disposition of the disciplinary ticket. The retaliation and due process claims against Defendants Cawthon and Ferguson are DISMISSED.

Plaintiff also fails to plead sufficient facts to support a claim of Intentional Infliction of Emotional Distress. "Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). "[E]motional

distress alone is not sufficient to give rise to a cause of action. The emotional distress must be severe ...unendurable by a reasonable person…" *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). "Fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable." *Id*. at 1030. Plaintiff does not plead a sufficient showing here and the IIED claim is dismissed.

      **IT IS THEREFORE ORDERED:**

1.     Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to replead his claims, consistent with this order. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.     Plaintiff files [5], requesting the recruitment of *pro bono* counsel. Plaintiff indicates that he has contacted five attorneys' offices but does not provide copies of the letters he sent to, or received from, these attorneys. As a result, Plaintiff fails to document a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55(7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide the requested documentation.

 6/26/2020                                                                   s/Joe Billy McDade
ENTERED                                                                       JOE BILLY McDADE
                                                                              UNITED STATES DISTRICT JUDGE