UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

PATRICK COMI,                )
                             )
            Plaintiff,       )
      v.                     )    No.: 20-cv-3091-JBM
                             )
R. ZEIGER, et al.,           )
                             )
            Defendants.      )

## MERIT REVIEW –SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint under 42 U.S.C. § 1983, alleging retaliation at the Western Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff pleads that on April 13, 2018, after visiting with his wife in the inmate visiting room, he was taken back to his housing unit. Later, he was handcuffed and taken to segregation due to Defendant Zeiger, the visiting room officer, serving Plaintiff a disciplinary ticket. Defendant Zeiger asserted that during the visit, Plaintiff had held his hand like a gun and "shot" at three visitors while yelling "you all better mind your own beef and I will mind my beef." The

ticket charged Plaintiff with Intimidation/Threats. Plaintiff claims that Defendant Zeiger's claims are untrue, he has witnesses to prove it and, that the Internal Affairs investigation determined that the charges were false.

Plaintiff claims that Defendant filed the charges in retaliation for Plaintiff's "numerous grievances and also a HIPAA violation against WICC previously." Plaintiff does not assert that he directed any grievance or lawsuit against Defendant Ziegler and does not plead a basis for his belief that Defendant acted with retaliatory motive. Plaintiff requests compensatory and punitive damage, a permanent injunction prohibiting Defendant's future acts of retaliation, and an "industry job for the remainder of incarceration."

### ANALYSIS

Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. IDOC*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance or lawsuit as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To effectively allege retaliation, a plaintiff must claim that he was engaged in some protected First Amendment activity, that he experienced an adverse action that would likely deter such protected activity in the future, and that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009).

Plaintiff alleges that Defendant retaliated when he wrote the disciplinary ticket. However, retaliation will not be presumed in the writing of a disciplinary ticket. *Bramlett v. Isaacs*, No. 13-1177, 2013 WL 6511720, at *5 (S.D. Ill. Dec. 12, 2013). Plaintiff offers nothing, other than the bare and conclusory statement that Defendant acted with retaliatory animus. This

unsupported claim is mere speculation which "rests only on personal beliefs that cannot be substantiated." *Sanders v. Bertrand*, 72 Fed.Appx. 442, 2003 WL 21490953 (7th Cir. June 27, 2003) (dismissing retaliation claim at merit review). *See Santiago v. Anderson*, 496 Fed. Appx. 630, 633–34 (7th Cir. 2012) ("[plaintiff's] premise—that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading.") Plaintiff's second amended complaint is DISMISSED. He will have a final opportunity, within 30 days, to replead.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity, within 30 days, to replead his claims, consistent with this order. The pleading is to be captioned Third Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading and is to comport with the Court's orders. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. As Plaintiff does not replead as to Defendants Givens, Kempf, Ferguson, Cawthon, Hubbard, Dannehold and John Doe, they are DISMISSED.

 

 4/16/2021                                                            s/Joe Billy McDade
ENTERED                                                                JOE BILLY McDADE
                                                                      UNITED STATES DISTRICT JUDGE